1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITTLESON SJS HOTEL, LLC,        ) | 1:11-cv-00621 OWW GSA |
|                                 ) | |
| Plaintiff,          ) | **ORDER TO REMAND** |
|                                 ) | |
| v.                              ) | (Document 1) |
|                                 ) | |
| SJS PROPERTIES GROUP, LLC,      ) | |
|                                 ) | |
| Defendant.          ) | |
|                                 ) | |
| _____) | |

On April 19, 2011, Defendant SJS Properties Group, LLC ("Defendant") removed this action from the Fresno County Superior Court of California.  (Doc. 1.)

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction.  28 U.S.C. § 1441(a); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  Generally, a defendant seeking to remove an action to federal court must file a Notice of Removal within thirty days of receiving a copy of the initial pleading.  28 U.S.C. §

1

1446(b).  The defendant seeking removal of an action to federal court has the burden of

establishing federal jurisdiction in the case.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d

831, 838 (9th Cir. 2004).

### *Timeliness*

Here, Defendant's removal notice challenges the purported service in the state court

action, yet fails to reference any alleged date of service of process of the summons and

complaint.  (Doc. 1 at 3-4.)  Defendant appended copies of the summons, civil case cover sheet,

and complaint for unlawful detainer in Fresno County Superior Court case number

11CECG00078; those documents reflect only that the complaint was filed January 7, 2011.

(Doc. 1 at 6-11.)  Defendant filed its Notice of Removal on April 19, 2011.  (Doc. 1.)  Because

Defendant fails to identify any purported date for service of process, defective or otherwise, it is

impossible for this Court to determine from the notice itself whether the removal action is timely.

Nevertheless, it appears the notice here is in fact *untimely*.

By Defendant's own reference to a "Complaint to action for Quiet Title/Lis Penden [*sic*]"

filed in the United States District Court (*see* Doc. 1 at 4), this Court identified a separate action

entitled *Ittleson SJS Hotel LLC v. SJS Properties Group*, 1:1-cv-00261 OWW SKO.  The earlier

matter involves the same parties as those involved in the instant matter.  In the earlier-filed

matter, the same Defendant filed a Notice of Removal on February 15, 2011.  (*See* USDC-E

1:11-cv-261 Doc. 1.)  A reasonable inference can thus be made that the notice of removal in *this*

matter, involving the same underlying complaint and the same parties, is in fact *untimely*.  For if

the first notice was timely, this second notice must have been filed beyond the thirty day period

as approximately sixty-three days have elapsed between February 15 and April 19, 2011.

### *Jurisdiction*

Defendant is again attempting remove an unlawful detainer action based on federal

question subject matter jurisdiction.  (Doc. 1.)  However, Defendant cannot establish jurisdiction

that is proper.  In fact, this Court has already explained that "[b]ecause the Complaint does not

1   assert any claims arising under federal law, there is no federal question jurisdiction." (*See*

2   USDC-E 1:11-cv-261 Doc. 9 at 5.)  To reiterate, federal courts are courts of limited jurisdiction

3   and lack inherent or general subject matter jurisdiction.  Federal courts can adjudicate only those

4   cases authorized by the United States Constitution and Congress.  Generally, those cases involve

5   diversity of citizenship or a federal question, or cases in which the United States is a party.

6   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United*

7   *States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  Federal courts are presumptively without

8   jurisdiction over civil actions. *Kokkonen*, 511 U.S. at 377.  Lack of subject matter jurisdiction is

9   never waived and may be raised by the Court sua sponte.  *Attorneys Trust v. Videotape Computer*

10   *Products, Inc*., 93 F.3d 593, 594-95 (9th Cir. 1996).  "Nothing is to be more jealously guarded by

11   a court than its jurisdiction.  Jurisdiction is what its power rests upon.  Without jurisdiction it is

12   nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

13        In this case, Defendant is unable to establish subject matter jurisdiction before this Court

14   because the complaint contains a single cause of action for unlawful detainer based on California

15   Code of Civil Procedure section 1161a(b)(3).  In determining the presence or absence of federal

16   jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that

17   federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

18   properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plainly,

19   Plaintiff's complaint raises only a state law claim.

20        Furthermore, the law is clear in the Ninth Circuit that the removal statute should be

21   strictly construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co*,

22   425 F.3d 689, 698 (9th Cir. 2005).   The "strong presumption" against removal jurisdiction

23   means that the defendant always has the burden of establishing that removal is proper.

24   *Nishimoto v. Federman-Bachrach & Assocs*., 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v.*

25   *Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Federal jurisdiction must be rejected if

26

27

28                        3

1  there is any doubt as to the right of removal in the first instance.  *Gaus v. Miles*, 980 F2d at 566.

2  Here again, Defendant has not met its burden, and thus, remand is required.

3      ***A Note Regarding Representation***

4      Additionally, the Court notes that Defendant SJS Properties Group, LLC, filed its Notice

5  of Removal "In pro-per."  (Doc. 1 at 1.)  However, Defendant is advised that  a "corporation may

6  appear in the federal courts only through licensed counsel."  *Rowland v. California Men's*

7  *Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); *United States v. High Country*

8  *Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also Osborn v. President of Bank*

9  *of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407

10  F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present

11  holding that a corporation may only be represented by licensed counsel).  All artificial entities

12  must appear in federal court through counsel.  *Rowland*, 506 U.S. at 202.  Additionally, this

13  Court's Local Rule 183(a) provides: "A corporation or other entity may appear only by an

14  attorney."  Thus, even were removal proper for purposes of this Court's jurisdiction, Defendant

15  SJS Properties Group, LLC, may not appear pro se in this Court.

16      More importantly, Defendant was previously advised of this procedural defect in the

17  earlier-filed matter involving these same parties as well. (*See* USDC-E 1:11-cv-261 Doc. 9 at 3-

18  4.)

19      **CONCLUSION AND ORDER**

20      Based on the above, this action is REMANDED *sua sponte* to the Fresno County

21  Superior Court of California for all future proceedings.  Defendant shall refrain from attempting

22  to remove this same action to this Court in the future.  Accordingly, the Clerk of the Court is

23  directed to remand the matter to the Fresno County Superior Court and to close this case.

24  IT IS SO ORDERED.

25  **Dated:    April 22, 2011**          **/s/ Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE

26

27

28                    4